Filed 1/4/23  P. v. Mitchell CA5
Opinion following transfer from Supreme Court

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICKY MARSDEN MITCHELL,<br><br>Defendant and Appellant. | F081153<br><br>(Super. Ct. No. SC052002A)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein, Erin Doering, Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Petitioner Ricky Marsden Mitchell petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for first degree murder (§ 187, subd. (a)). The superior court summarily denied the petition at the prima facie stage.

On appeal, petitioner asserts he established a prima facie claim for resentencing, and the court therefore erred in denying the petition without issuing an order to show cause or holding an evidentiary hearing. In this regard, he argues his admission of a burglary special circumstance, which required him to admit he was a major participant in the underlying felony and acted with reckless indifference to human life (§ 190.2, subds. (a)(17), (d)), does not preclude relief because it was made prior to our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

In our original opinion we held the petition was properly denied because petitioner's admission of the burglary special circumstance rendered petitioner ineligible for resentencing on count 1 as a matter of law. (*People v. Mitchell* (Oct. 20, 2021, F081153) [nonpub. opn.].)

Petitioner petitioned the California Supreme Court for review (S271888). The state high court granted review and ultimately transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Pursuant to the California Supreme Court's order, we vacated our prior opinion and afforded the parties an opportunity to file supplemental briefing. The parties now agree the superior court's order must be reversed and the matter remanded for further proceedings.

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

In light of *Strong*, we will reverse the superior court's order denying the petition and remand with directions for the court to issue an order to show cause.

**FACTUAL AND PROCEDURAL HISTORY**

The facts underlying the offenses are not relevant to our determination, and we therefore summarize them only briefly to provide context for the parties' arguments.[2] (See § 1172.6, subd. (d)(3).)

On October 5, 1992, Verlin Mitchell[3] was found lying face down, bound, and dead on his bed from multiple gunshot wounds to the head and a broken neck caused by either a blow to the head with an object or by being "stomped on." The residence appeared to have been ransacked and both his vehicles were missing. Petitioner, Mike G., Charles O., and Larry F.[4] were stopped that afternoon in New Mexico in one of Verlin's vehicles and arrested. Two firearms were found in the vehicle. Each of the individuals made incriminating statements. Relevant here, petitioner told police that Mike planned the burglary and murder, hit Verlin on the head and neck with an ax, and then shot Verlin. Charles told police that petitioner and Mike were both armed, and Mike shot Verlin twice after being urged to do so by petitioner. Mike told police that petitioner was armed,

---

[2] We deny petitioner's November 18, 2020 request for judicial notice of the record in his prior appeal, *People v. Mitchell*, F020913. (See *People v. Sanders* (2003) 31 Cal.4th 318, 323, fn. 1 [declining to take judicial notice of documents that were not before the trial court]; see also *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [judicial notice cannot be taken of any matter that is irrelevant].)

Our factual summary is derived from records contained in the record on appeal in the instant case, specifically a summary of police reports contained in the probation officer's report. The parties previously stipulated that the police reports provided part of the factual basis for the plea.

[3] Although petitioner and the decedent share the same last name, they do not appear to be related. To avoid confusion, we refer to Verlin by his first name. No disrespect is intended.

[4] Mike, Charles, and Larry were minors at the time of the offense. Charles and Larry are brothers.

3.

directed the others to restrain Verlin, and told Mike he had to shoot Verlin or petitioner would kill Mike's parents. Larry's statements were generally consistent with the others, although he was unsure who killed the victim.

On November 13, 1992, the Kern County District Attorney charged petitioner with premeditated murder (§ 187, subd. (a); count 1), with the special circumstance that the murder was committed during the commission or attempted commission of a burglary (§ 190.2, former subd. (a)(17)(VII)); two counts of residential burglary (former § 460.1; counts 2 & 5); and two counts of vehicle theft (Veh. Code, § 10851, subd. (a); counts 3 & 4). As to count 1, the People also alleged petitioner personally used a firearm (§ 12022.5, subd. (a)), and a principal was armed with a firearm (§ 12022, subd. (a)(1)).

On September 29, 1993, petitioner entered a plea of no contest to count 1, and admitted the burglary special circumstance. The parties stipulated that petitioner was not the shooter in the murder. The remaining counts and allegations were dismissed.

On November 29, 1993, the court sentenced petitioner on count 1 to a term of life without the possibility of parole.

On February 7, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1172.6. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he pled guilty or no contest to first or second degree murder; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.

The court appointed counsel to represent petitioner.

On March 5, 2019, the People filed an opposition to the petition and a motion to dismiss the petition, both arguing section 1172.6 is unconstitutional.[5]  On March 29, 2019, the People filed an opposition on the merits to petitioner's petition, arguing that the facts, as testified to at the preliminary hearing, demonstrated petitioner was a major participant in the crime and acted with reckless indifference to human life.

On May 15, 2019, petitioner's counsel was relieved due to a conflict of interest and new counsel was appointed.

On September 19, 2019, the People filed a motion to dismiss the petition arguing that the facts, as testified to at the preliminary hearing, demonstrated petitioner was a major participant in the crime and acted with reckless indifference to human life, and additionally aided and abetted in the murder with the intent to kill.  The People also argued petitioner's admission of the burglary-murder special circumstance constituted an admission that his conviction did not fall within the provisions of section 1172.6.

On April 14, 2020, petitioner filed a reply, arguing that the record did not rebut his assertion that he is entitled to relief and the court could not resolve whether petitioner was a major participant who acted with reckless indifference to human life without resolving factual questions at an evidentiary hearing.

On April 17, 2020, the People filed a reply to petitioner's reply, arguing once again that the special circumstance admission rendered petitioner ineligible for relief.

On May 11, 2020, the court denied the petition in a minute order without providing a statement of reasons.

This timely appeal followed.

---

[5] The motion was fully briefed and eventually denied by the court.

## DISCUSSION

### I.     Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *Strong*, *supra*, 13 Cal.5th at pp. 707-708.)  Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to seek vacatur of the conviction and resentencing.  (§ 1172.6, subd. (a); accord, *Strong*, at p. 708.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subds. (a)-(c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.)  If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction.  (§ 1172.6, subds. (c), (d)(1).)  At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*People v. Lewis* (2021) 11 Cal.5th 952, 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Analysis

Petitioner argues he made a prima facie claim for resentencing and the court therefore erred in denying his petition at the prima facie stage.  The People initially argued the petition was properly denied because petitioner's admission of the burglary special circumstance established petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, disqualifying factors pursuant to section 1172.6, subdivision (a)(3) and section 189, subdivision (e).

While this appeal was pending, our Supreme Court issued its opinion in *Strong*, *supra*, 13 Cal.5th 698.  Therein, the high court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *Clark*, *supra*, 63 Cal.4th 522 and *Banks*, *supra*, 61 Cal.4th 788 did not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[6]  (*Strong*, at p. 703.)

*Strong* is dispositive of this case.  Petitioner admitted the special circumstance allegation prior to the decisions in *Banks* and *Clark*, and the admission therefore is not preclusive on prima facie review of the petition under section 1172.6.  (*Strong*, *supra*, 13 Cal.5th at p. 703.)  The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6.  Because the People have presented no other basis to deny the petition at the prima facie stage, the order denying the petition must be reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, conduct an evidentiary hearing under subdivision (d) of section 1172.6.  We express no opinion on the ultimate resolution of the petition.

---

[6] *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and . . . to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.)

## DISPOSITION

The May 11, 2020 order denying the petition is reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).